UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**United States of America**

    v.                                                 CASE NO.: 13-CR-00121

**RICHARD E. JUNGEN,
ELAINE E. JUNGEN,
a/k/a ELAINE E. JAEGER,
JEROME J. POEHNELT, and
DAVID G. CHAPMAN,**

## MOTION TO QUASH OR MODIFY SUBPOENA

Movants respectfully move this Court for an order quashing or modifying a subpoena issued by counsel for defendants Richard E. Jungen and Elaine E. Jaeger to Attorneys Michael Polsky and Dorothy Dey in the above-captioned matter pursuant to Rule 17 (c)(2). The grounds for this motion are as follows:

1. Movants are member-owned credit unions and a credit union service organization that, collectively, are plaintiffs in two civil actions currently pending in Wisconsin state courts and relating to the failure of CSMC, Inc., which in part forms the basis of the indictment issued against the defendants herein. Those cases are <u>Aurora Credit Union, et al., v. Wipfli, LLP</u>, Dane County Case No.: 12-CV-4965, and <u>Aurora Credit Union, et al., v. David Chapman, et al.</u>, Waukesha County Case No.: 12-CV-2420.

2. More specifically, Movants are: Aurora Credit Union, Enterprise Credit Union; First Credit Union; Focus Credit Union; Glacier Hills Credit Union; Guardian Credit Union;

Landmark Credit Union; Trustone Financial Federal Credit Union; MCU Financial Center Credit Union; Prime Financial Credit Union; Sherwin Williams Credit Union; Southshore Credit Union; Summit Credit Union; and W.C.U.L Services Corporation.

3. At all times material hereto, Attorney Michael Polsky served as Receiver in a state court receivership proceeding relating to the failure of CSMC, Inc.—Milwaukee County Case No.: 09-CV-4763—and Attorney Dey served as the Receiver's counsel. (Attorneys Polsky and Dey will be collectively referred to as "Receiver" hereunder.)

4. On November 4, 2013, the Receivership Court held a hearing addressing the final accounting filed by the Receiver. At that time, the parties advised the Court that they had reached an agreement in principle to resolve all remaining disputes such that the Receiver could be discharged. The parties also provided the Receivership Court with a proposed order, with the understanding that the Court would execute it unless it received any objection within 48 hours. Receiving no objection, the Court entered the order—a copy of which is incorporated herein as Exhibit A—on November 6, 2013.

5. The November 6 order in part commanded the Receiver to turn all CSMC, Inc. business records over to Movants for their use in prosecuting the above-mentioned civil actions. (Ex. A at ¶5.)

6. On November 5, 2013, when the Receivership Court was on the verge of entering the order referred to above, counsel for defendants Richard E. Jungen and Elaine E. Jaeger issued a subpoena to the Receiver in the receivership acton, which subpoena sought CSMC documents subject to the pending order directing the Receiver to transfer its files to Movants. A copy of that subpoena is incorporated herein as Exhibit B.

7. On November 11, 2013, Movants filed a motion for protective order relating to the November 5, 2013 subpoena issued to the Receiver. Copies of that motion and its supporting papers are incorporated herein as Exhibit C.

8. On November 29, 2013, before the Receivership Court could hear Movants' motion for protective order, counsel for defendants Richard E. Jungen and Elaine E. Jaeger issued another subpoena to the Receiver, this one in this action, which again sought documents subject to the November 6, 2013 order requiring the Receiver to turn their CSMC files over to Movants. A copy of that subpoena is incorporated herein as Exhibit D.

9. On December 4, 2013, shortly after receiving the subpoena issued herein, the Receiver filed an "Emergency Motion for Declaratory Relief Regarding Production of Documents Subpoenaed." A copy of that filing is incorporated herein as Exhibit E.

10. Movants now seek an order quashing or modifying the subpoena issued herein by counsel for defendants Richard E. Jungen and Elaine E. Jaeger on the following grounds:

    a. In the Receiver's motion for declaratory relief, the Receiver seeks guidance from the Receivership Court as to how to respond to both the civil and criminal subpoenas issued by counsel for defendants Richard E. Jungen and Elaine E. Jaeger in view of the Receivership Court's November 6, 2013 order requiring the Receiver to transfer all business records of CSMC, Inc., to Movants, and further in view of Movants' November 11, 2013 motion for protective order. (Ex. E at ¶¶9-10.) Though a hearing has not as of this writing been scheduled on the Receiver's motion, or on Movants' motion for protective order, Movants' position before that Court has been and will

3

be that the civil subpoena issued in the receivership proceeding was moot, given the Receivership Court's pending order discharging the Receiver and commanding it to turn all CSMC business records over to Movants, and is further invalid on other grounds. (Ex. C.)

b. In the event the Receivership Court agrees with Movants' arguments, then the November 6, 2013 order will require the immediate transfer of all CSMC, Inc. business records from the Receiver to the Movants, rendering the subpoena subsequently issued moot as seeking documents no longer in the proper possession of the Receiver. Movants submit that the Receivership Court should be given the opportunity to rule on their motion already pending at the time the subpoena herein was issued, and on the Receiver's motion for declaratory relief, and that the subpoena should therefore be quashed or, in the alternative, modified to provide for a return date subsequent to the Receivership Court's hearing of those motions.

c. Movants also object to the subpoena issued herein on other grounds. First, Movants are concerned that responsive documents will tend to reveal personal and confidential information about their members such as to implicate Rule 17(c)(3), and may also reveal proprietary information.

d. Further, Movants object to the overbreadth of the subpoena issued herein in that it seeks documentary information far outside the scope of the narrowly focused indictment. To wit, while the indictment involves only circumstances surrounding the liquidation of a CSMC, Inc. investment pool

4

known as the P-55 Pool, the subpoena seeks documents related as well to many other CSMC, Inc. investment pools. (Ex. D.)

e. Permitting counsel for defendants Richard E. Jungen and Elaine E. Jaeger to go on a fishing expedition with the CSMC, Inc. business records would not only implicate Movants' privacy and proprietary concerns referenced above, but would cause Movants to incur substantial unnecessary expense. Another order entered by the Receivership Court, dated May 31, 2013, permits Movants the opportunity to review any subpoenaed documents prior to their production. (A copy of that order is incorporated herein as Exhibit F.) Given the sheer breadth of the subpoena issued herein, Movants fear that this right and attendant obligation would cause them to incur attorney fees amounting to many thousands of dollars.

For the foregoing reasons, Movants respectfully request an order quashing the subpoena issued herein or, in the alternative, modifying it such as to stay its return date until such time as the Receivership Court can rule on the motions filed by Movants and by the Receiver, which may after all render moot the subsequently issued criminal subpoena, thus erasing the privacy and other concerns above-mentioned.

Dated this 11th day of December, 2013

**CLIFFORD & RAIHALA, S.C.**

/s/ Katherine C. Polich
Katherine C. Polich
Attorneys for Movants

6

44 E. Mifflin Street, Suite 800
Madison, WI 53703
Phone: 608-257-7900
Fax:    608-257-7009
Email: kpolich@myjustice.com